UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MARK XAVIER HALEY II, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 24-cv-10458-MJJ |
| WARDEN BOWERS, FMC DEVENS, | ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OF DECISION**

July 8, 2024

JOUN, D.J.

On February 26, 2024, Petitioner Mark Xavier Haley, II ("Mr. Haley" or "Petitioner"), an inmate at FMC Devens, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("section 2241") alleging violations of the First Step Act ("FSA") and the Second Chance Act ("SCA"), specifically regarding the Bureau of Prison's ("BOP") calculation of his earned time credits for pre-release custody. [Doc. No. 1]. Mr. Haley also alleges Due Process and Equal Protection violations. [*Id*.].

On March 19, 2024, Respondent Warden Bowers of the Federal Medical Center ("FMC") in Devens ("Respondent") filed a Motion to Dismiss. [Doc. No. 7]. On March 25, 2024, and April 22, 2024, Mr. Haley filed multiple motions: Motion for Summary Judgment, Motion for Default Judgment, Motion for Declaratory and Injunctive Relief, and Motion for Sanctions.

[Doc. Nos. 10, 11, 12, 15]. For the below reasons, Mr. Haley's Motions are <u>DENIED</u> and Respondent's Motion to Dismiss is <u>ALLOWED</u>.

## I. BACKGROUND

### A. Facts

Mr. Haley is an inmate at FMC Devens, serving an eighteen-month sentence of imprisonment with three years of supervised release for Bank Fraud and Money Laundering, in violation of 18 U.S.C. §§ 2, 1344, and 1957. [Doc. No. 1 at ¶ 4; Doc. No. 9 at ¶ 5]; *United States v. Mark X. Haley II*, No. 23-cr-00004 (D. Me. Oct. 2023). Mr. Haley began serving his sentence at FMC Devens on November 1, 2023. [Doc. No. 1 at ¶ 4; Doc. No. 9 at ¶ 6; Doc. No. 9-2].

On January 15, 2024, a camp counselor submitted a written informal resolution on behalf of Mr. Haley, which initiated the first step in the Administrative Remedy Request process pursuant to 28 C.F.R. § 542.13. [Doc. No. 1 at ¶ 7]. A case manager at FMC Devens denied Mr. Haley's Administrative Remedy Request on January 23, 2024. [*Id.*]. Subsequently, on February 12, 2024, Mr. Haley filed a BP-9 Administrative Remedy Request pursuant to 28 C.F.R. 542.14. [*Id.* at ¶ 8]. As of February 26, 2024, the status of Mr. Haley's BP-9 Administrative Remedy Request remained pending. [*Id.*].

As of March 2024, Mr. Haley earned forty-five FSA credits towards early transfer supervision; Respondent calculated Mr. Haley's projected release date ("PRD") to be December 25, 2024.[1] [Doc. No. 9 at ¶¶ 9, 11-12]. This release date is subject to change, assuming Mr. Haley continues earning FSA time credits. [Doc. No. 9 at ¶ 12]. Respondent also evaluated Mr. Haley's suitability for prerelease custody under the SCA, and recommended he spend one to ninety dates in a residential reentry center ("RRC"). [*Id.* at ¶¶ 16-17].

---

[1] In Mr. Haley's Individualized Needs Plan of November 2023, the PRD was noted as December 17, 2024. [Doc. 9-5 at 4].

## II.   LEGAL STANDARD

Section 2241 is available to inmates who are "in custody under or by color of the authority of the United States." 28 U.S.C. § 2241(c)(1). A section 2241 petition may be brought to "attack the execution, rather than the validity" of a sentence. *United States v. Barrett*, 178 F.3d 34, 50 n.10 (1st Cir. 1999). In other words, a petitioner may challenge "computation of a prisoner's sentence by prison officials via a section 2241 petition." *Walsh v. Boncher*, 652 F. Supp. 3d 161, 164 (D. Mass. 2023) (cleaned up).

In evaluating a Rule 12(b)(6) motion to dismiss, the Court must determine whether the complaint alleges "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Furthermore, a court may consider certain narrow categories of documents outside the complaint, including "documents the authenticity of which are not disputed by the parties" and "documents central to plaintiffs' claim." *See Ironshore Specialty Ins. Co. v. United States*, 871 F.3d 131, 135 (1st Cir. 2017) (quoting *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)). Here, Doc. No. 9, with attached exhibits, is central to Petitioner's claim[2] and is undisputed as to its

---

[2] These exhibits include inmate history, sentence monitoring computation data, criminal history, FSA time credit assessment, individualized needs plan, background on the FSA, and request for administrative remedy, which are central to the issues of the Motion to Dismiss. [Doc. Nos. 9-1-9-8].

authenticity. Thus, Doc. No. 9, with attached exhibits, is evaluated for purposes of this Motion to Dismiss.

## III.  ANALYSIS

### A.  Exhaustion of Administrative Remedies

Before filing a section 2241 petition, a federal inmate must exhaust his administrative remedies. *Rogers v. United States*, 180 F.3d 349, 358 (1st Cir. 1999). However, there is "the potential for a waiver of the administrative exhaustion requirement for § 2241 petitions where a petitioner can show that fulfilling the requirement would be futile." *Levine v. U.S. Dep't of Fed. Bureau of Prisons*, No. 20-cv-11833, 2021 WL 681689 at *3 (D. Mass. Feb. 22, 2021).

Here, Mr. Haley initiated the Administrative Remedy Request process through an informal request on January 15, 2024. After Respondent denied his informal request, Mr. Haley filed a BP-9 Administrative Remedy Request. As of February 26, 2024, the date Mr. Haley filed this petition, Respondent has not issued a determination regarding Mr. Haley's request.

Mr. Haley argues that he has not filed any further Administrative Remedy Requests because doing so is futile; Mr. Haley asserts his eligibility for relief would occur before he could complete the process of exhausting his BOP remedies. Respondent does not address the issue of exhaustion in its Motion to Dismiss. "[A]ccept[ing] as true all well-pled facts alleged in the [Petition] and draw[ing] all reasonable inferences in [Petitioner]'s favor," *Evergreen Partnering Group, Inc. v. Pactiv Corp.*, 720 F.3d 33, 36 (1st Cir. 2013), Mr. Haley's allegations are sufficient to support his assertion of futility based on the imminence of his release date. *See, e.g.*, *Iler-Reyes v. Warden, FCI Berlin*, No. 23-cv-553, 2024 WL 1773616 at *2 (D.N.H. April 3, 2024) (finding petitioner sufficiently alleged facts to establish futility or irreparable harm "based on the imminence of his release date" so as to deny the motion to dismiss).

B. <u>**Mr. Haley's Claims**</u>

Under the Second Chance Act ("SCA"), "[t]he Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). Types of prerelease custody include home confinement and/or a residential reentry center ("RRC"). *Id*. at § 3624(g)(2).

"Under the [First Step Act], eligible prisoners earn time credits by successfully completing evidence-based recidivism reduction programming or productive activities." *Calderon Hernandez v. Warden FMC Devens*, No. 23-cv-11330, 2023 WL 5939634 at *3 (D. Mass. Sept. 12, 2023) (citing 18 U.S.C. § 3632(d)(4)(A)). The First Step Act ("FSA") allows eligible prisoners to "earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A). Prisoners determined to be at minimum or low risk of recidivism "shall earn an additional 5 days of time credits for every 30 days of successful participation." *Id*.

Earned time credits ("ETC") are applied toward prerelease custody or early transfer to supervised release if the earned time credits equal the remainder of the prisoner's imposed term of imprisonment. *See* 18 U.S.C. § 3624(g); 18 U.S.C. § 3632(d)(4)(C).

1. **<u>Mr. Haley is not entitled to placement in home confinement under the FSA, and his RRC placement duration of one to ninety days does not violate the SCA</u>**.

Mr. Haley argues that Respondent violated the FSA by denying him a six-month term of home confinement and that Respondent violated the SCA in determining his RRC duration of one to ninety days. Respondent refutes any statutory violation, arguing the Court lacks

5

jurisdiction to order the BOP to place Mr. Haley in home confinement or an RRC for a specific amount of time.

18 U.S.C. § 3621(b) states "[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment" taking into account five factors: "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence…[on certain issues]; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28." Despite this designation authority, 18 U.S.C. § 3624(c) "imposes an affirmative obligation on the BOP to take steps to facilitate a smooth re-entry for prisoners into the outside world." *Goldings v. Winn*, 383 F.3d 17, 23 (1st Cir. 2004). While true that this obligation is qualified, the BOP is not free to disregard the duty. *Id*. "If it did so, judicial relief might be available." *Id*.

Here, Mr. Haley is aware that Respondent recommended him for placement in an RRC for one to ninety days but is claiming he is entitled to six months of home detention and seven months of RRC placement. Given Respondent's clear efforts "to facilitate a smooth re-entry,"[3] Mr. Haley's argument that he is entitled to placement in home confinement and an RRC for designated time durations[4] is outside this Court's purview. *See U.S. v. Orton,* 12-cr-00117, 2023 WL 8812557, at *3 (D. Mass. Dec. 20, 2023) (cleaned up) ("A district court may not order home confinement in the absence of a sentence reduction…"); *Peters v. Boncher*, No. 22-11503, 2023

---

[3] Respondent states it considered the five factors listed in 18 U.S.C. § 3621, and the one to ninety day decision was based on specific factors relating to Mr. Haley. For example, Mr. Haley is currently homeless. An inmate cannot be placed on home confinement without a verifiable release residence. Furthermore, Mr. Haley was determined to have specific conditions of supervision that can be established through placement in an RRC. [Doc. No. 9 at ¶ 17 n.5].

[4] The issue of any alleged miscalculation of earned time credits is addressed in Section III(B)(2).

WL 387612, at *3 (D. Mass. Jan. 25, 2023) ("When a defendant is committed to the custody of the BOP for a term of imprisonment imposed by the sentencing court, the BOP decides where the defendant serves his sentence based on statutory criteria."); *Komando v. Luna*, No. 22-cv-425, 2023 WL 310580 at *7 (D.N.H. Jan. 13, 2023) ("[T]he FSA preserves the BOP's discretion to determine how to allocate earned time credits between supervised release and prerelease custody, and whether to allocate the credits entirely to advance the term of supervised release, to advance the placement in prerelease custody, or both.").

### 2. **Respondent cannot prospectively apply ETCs to accelerate Mr. Haley's release date.**

Mr. Haley also argues his projected release date should be October 1, 2024, rather than December 25, 2024, considering good time credits of 54 days and *projected* ETCs of 145 days. Regarding the calculation of earned time credits, a petitioner may challenge "computation of a prisoner's sentence by prison officials via a section 2241 petition." *Walsh*, 652 F. Supp. 3d at 164 (cleaned up). Respondent has indicated that, as of March 2024, Mr. Haley earned forty-five FSA credits towards early transfer and that Mr. Haley's projected release date is subject to change, assuming he continues to earn FSA credits. Respondent cannot prospectively apply ETCs not yet earned by Mr. Haley. *See Winegar v. Boncher*, No. 22-cv-1163, 2022 WL 17404897, at *2-3 (D. Mass. Dec. 2, 2022) ("[A] prisoner cannot earn time credits until *after* the required programming has been completed."). Thus, Mr. Haley's challenge of Respondent's computation of ETCs does not survive.

### 3. **Respondent's prerelease custody policies do not conflict with the FSA, the SCA, and the BOP's policies**.

Mr. Haley argues Respondent requires ninety days to submit prerelease custody referrals, during which time Respondent stops applying inmate ETCs. Mr. Haley also argues that Respondent has a policy of deducting his ETCs from the back end of his prerelease custody term.

In contrast, Respondent argues Mr. Haley has not cited any such existing policy and that referrals are submitted in accordance with BOP Program Statement 5410.01.[5]

Here, Mr. Haley has provided no evidence that Respondent deviated from BOP Program Statement 5410.01 or stopped applying earned time credits. Rather, Mr. Haley seems to misinterpret when earned time credits are applied. Respondent will only apply earned time credits for early transfer to supervised release *if the earned time credits equal to the remainder of Mr. Haley's imposed term of imprisonment*. *See* 18 U.S.C. § 3624(g); 18 U.S.C. § 3632(d)(4)(C). Mr. Haley has not yet earned time credits equal to the remainder of his term of imprisonment. [Doc. No. 9 at ¶ 10; Doc. 9-3 at 2-3]. Finally, as established above, Respondent cannot prospectively apply ETCs not yet earned by Mr. Haley. *See Winegar*, 2022 WL 17404897, at *3 (D. Mass. Dec. 2, 2022). Thus, Mr. Haley has not established that Respondent's prerelease custody policies conflict with the FSA, the SCA, and the BOP's policies.

### 4. **Mr. Haley has not sufficiently alleged violation of his Constitutional Due Process and Equal Protection rights.**

Mr. Haley argues, unlike in his case, FMC-Devens and other prisons within the BOP accurately calculate other prisoners' estimated PRDs, RRC terms, and home confinement terms, resulting in earlier transfer to prerelease custody. Here, Mr. Haley has not alleged sufficient facts indicating that he was treated differently from similarly situated persons, or that any such treatment lacked a rational basis. *See U.S. v. Shields*, 522 F. Supp. 2d 317, 340 (D. Mass. 2007). As established above, Respondent has not violated the FSA or SCA in determining Mr. Haley's estimated PRD and RRC term.

---

[5] BOP Program Statement 5410.01 states, "RRC and/or HC referrals will ordinarily be submitted to the respective Residential Reentry Management (RRM) office 12 months in advance of the inmate's PRD or at least 60 days prior to the projected RRC/HC placement date, whichever is greater." [Doc. 9-6 at 21].

Mr. Haley has also failed to establish any violation of his Due Process rights, where he has not shown that he suffered deprivation of an established liberty interest. *See Fox v. Lappin*, 409 F. Supp. 2d 79, 88 (D. Mass. Jan. 17, 2006) ("The statute governing pre-release custody also fails to create a liberty interest in the transfer to a less restrictive environment").

**IV.    CONCLUSION**

For the above reasons, Respondent's Motion to Dismiss is GRANTED. Because Respondent's Motion to Dismiss is GRANTED, Mr. Haley's Motion for Summary Judgment, Motion for Declaratory and Injunctive Relief, and Motion for Sanctions are DENIED as moot.

SO ORDERED.

/s/ Myong J. Joun
United States District Judge